UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SERVIS, JR., et al.,

    Plaintiffs and
    Counter-Defendants,                    Hon. Phillip J. Green

v.                                                            Case No. 1:22-cv-745

INYOUNG JANG, et al.,

    Defendants and
    Counter-Plaintiffs.
_____/

## OPINION

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 27) and Plaintiffs' Motion to Dismiss (ECF No. 29). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Jane M. Beckering referred this case to the undersigned. For the reasons discussed herein, Defendants' motion will be granted in part and denied in part, Plaintiffs' motion will be denied, and this matter terminated.

## BACKGROUND

This case concerns a lengthy and contentious landlord-tenant dispute. In the summer of 2021, Defendants listed a house for rent for $3,000 monthly. (ECF No. 1 at PageID.20). Shortly thereafter, Defendants reduced the amount they were seeking in monthly rent to $2,675. (*Id.*). On or about August 5, 2021, Plaintiffs

contacted Defendants regarding the possibility of renting the house in question. While the parties dispute many of the subsequent facts, including the amount Plaintiffs agreed to pay in monthly rent, there is no dispute that Plaintiffs took possession of Defendants' house in August 2021, refused to sign a lease, and discontinued, after one month, paying any amount in rent.

Defendants eventually initiated legal action in state court obtaining a judgment in the amount of $24,999 against Plaintiffs. (ECF No. 32-1 at PageID.248). Defendants also secured the right to evict Plaintiffs and regain possession of their property. (ECF No. 32-2 at PageID.250). It is unclear if Defendants have yet regained possession of their property.

Following the initiation of legal action by Defendants in state court, Plaintiffs initiated the present action. (ECF No. 1). Defendants later asserted a counterclaim for breach of contract seeking compensation for subsequent damages incurred by Plaintiffs' refusal to pay rent or surrender possession of the house in question. The parties now each move to dismiss the others' complaint. The parties have responded to the other's motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere

>possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

### I.   Defendants' Motion to Dismiss

   A.   Fair Housing Act

Plaintiffs initiated this action alleging violations of the Fair Housing Act. However, nowhere in their complaint do Plaintiffs identify what provision(s) of the Fair Housing Act Defendants allegedly violated. While Plaintiffs describe their version of events, they do not flesh out the nature of their claim(s). Simply asserting that Defendants "discriminated" against them is insufficient. Moreover, the only authority to which Plaintiffs cite or refer in their complaint are jurisdictional statutes and provisions indicating who is authorized to assert a Fair Housing Act claim and what relief they may obtain.

Plaintiffs have left Defendants (and the Court) to guess or speculate about the nature of their claims and the factual allegations underlying such. This is insufficient to survive challenge. *See, e.g., Clare County DHHS CPS*, 2020 WL 6526038 at *2 (W.D. Mich., July 15, 2020) ("[w]hile the Court is obligated to construe Plaintiffs' pleading liberally, it is not required to speculate about the claims Plaintiffs might be asserting"); *Mitchell v. Niranjan Siva and Associates*, 2016 WL 5342084 at *2 (while the Court must interpret pro se pleadings indulgently, this "does not require us to conjure up unpled allegations"); *Dean-Lis v. McHugh*, 598 Fed. Appx. 412, 415

(6th Cir., Jan. 30, 2015) ("[j]udges are not pigs, hunting for truffles buried in the record"). Accordingly, the Court finds that Plaintiffs' complaint fails to state a claim for violation of the Fair Housing Act.

Defendants also argue that Plaintiffs' claims are barred by the doctrine of res judicata. The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). To apply res judicata, four elements must be satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane*, 71 F.3d at 560 (citation omitted).

Defendants have demonstrated that res judicata applies to bar Plaintiffs' Fair Housing Act claims. In response, Plaintiffs assert that the previous state court action "did not provide an avenue for the Plaintiffs to seek a judgment on [their Fair Housing Act] claims." (ECF No. 28 at PageID.217). But Plaintiffs' assertion is not supported by authority or argument. Plaintiffs' unsubstantiated assertion is simply insufficient. Accordingly, the Court finds, in the alternative, that Plaintiffs' Fair Housing Act claims are barred by res judicata.

B.   State Law Claims

In their complaint, Plaintiffs also advance the conclusory assertion that they

are pursuing various state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Bah v. Attorney General of the State of Tennessee*, 610 Fed. Appx. 547, 555 (6th Cir., May 8, 2015) (same). To the extent that Plaintiff's complaint is interpreted as asserting claims under Michigan law, the Court will dismiss such without prejudice so that they may be pursued in the appropriate state court forum.

Accordingly, Defendants' motion to dismiss will be granted in part and denied in part. Plaintiffs' Fair Housing Act claims will be dismissed for failure to state a claim and Plaintiff's state law claims will be dismissed without prejudice.

## II. Plaintiffs' Motion to Dismiss

In their countercomplaint, Defendants assert a state law breach of contract claim. Plaintiffs move to dismiss this claim for failure to state a claim and on res judicata grounds. The Court will deny Plaintiffs' motion and instead dismiss Defendants' counterclaim without prejudice so that it may be pursued in the appropriate state court forum.

## CONCLUSION

For the reasons articulated herein, Defendants' Motion to Dismiss, (ECF No. 27), is granted in part and denied in part; Plaintiffs' Motion to Dismiss, (ECF No. 29), is denied; and this matter terminated. An Order consistent with this Opinion will enter.

Date: March 4, 2024 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge